# SUPREME COURT

OF

## WISCONSIN TERRITORY,

AT THE

JULY TERM, 1839.

---

### WARD et al. vs. PRICE.

1. WRIT OF ERROR. — A writ of error should, in the absence of any statu·
tory provision to the contrary, be directed to the judge of the court
below, and not to the clerk.
2. RECOGNIZANCE. — Where the statute provides that security by a *recog-
nizance* shall be given before a *supersedeas* shall issue, security in the
form of a *bond* is not a compliance with the statute.

ERROR to the District Court for *Grant* County. The
case is stated in the opinion of the court.

*F. J. Munger*, for plaintiff in error.

*F. J. Dunn*, for defendant in error.

IRVIN, J. In this case the defendant in error filed a
motion to quash the writ of error and dismiss the pro-
ceedings, for the following reasons: 1st. For insuf-
ficiency and informality of the writ. 2d. Insufficiency
of the bond. 3d. For want of compliance with the
statute and the rules of this court on the part of the
plaintiff in error.

From an examination of the proceedings it appears

that the writ of error sued out of this court was directed to the *clerk* of the district court for the county of Grant. In a proceeding by writ of error the intention is to revise the decisions of the *court* below, and not the proceedings of the clerk; and in contemplation of the law the judge presiding in such court, being supposed to have control of all proceedings therein, the writ should be directed, in the absence of any particular statutory provision to the contrary, to him; and none such appearing to have been made, the writ must be quashed.

Although the decision upon the first point would dispose of the case, yet it may not be unimportant to notice the second, which is insufficiency of bond, the security attempted to be given for the purpose of obtaining a *supersedeas*, in pursuance of the provisions of the eighth section of "An act concerning appeals and writs of error, *certiorari* and *habeas corpus*," passed by the legislative council of the territory of Michigan. Mich. Stat. 402, 403.

The provisions of that section require that, before the execution " shall be stayed by any writ of error or *supersedeas* thereon," the party prosecuting such writ shall, with one or more sufficient sureties, or, in case of the absence of such party, two or more sufficient sureties, to be approved by the court in which such judgment shall be given, or, in vacation, by one of the justices thereof, become bound unto the party in whose favor such judgment may be given by *recognizance*, to be acknowledged in such court, if in term time, and, if in vacation, before the clerk in double the sum, etc.

In this case a *bond*, and not a *recognizance*, has been taken, between which two instruments there is too great a distinction to suffer the one to be taken and substituted for the other, and as the statute requires the latter, while the former has been given, the *supersedeas*, even though the writ were good, would have to be discharged. The writ is therefore quashed and the proceedings dismissed.